IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHARLES JONES, JR. | * |
| | * |
| v. | *   Civil Case No. GLR-17-1520 |
| | * |
| COMMISSIONER, SOCIAL SECURITY | * |
| | * |

*************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-referenced case has been referred to me for review of the Commissioner's dispositive motion, [ECF No. 15], and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). [ECF No. 4]. Plaintiff Charles Jones, Jr., who appears *pro se,* did not file a motion for summary judgment or a response to the Commissioner's Motion for Summary Judgment.[1] I have considered the Commissioner's Motion. [ECF No. 15]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I recommend that the Court deny the Commissioner's motion, that the Court reverse the Commissioner's decision in part pursuant to sentence four of 42 U.S.C. § 405(g), and that the Court remand the case to the Commissioner for further proceedings in accordance with this Report and Recommendations.

Mr. Jones filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on September 2, 2013, originally alleging a disability onset date of

---

[1] After the Commissioner filed her Motion for Summary Judgment on December 15, 2017, [ECF No. 15], a Rule 12/56 letter was mailed to Mr. Jones, advising him of the potential consequences of failure to oppose the Commissioner's motion. [ECF No. 16]. Mr. Jones still did not respond.

March 1, 2013.[2] (Tr. 167-74). His claims were denied initially and on reconsideration. (Tr. 100-04, 107-10). A hearing, at which Mr. Jones was represented by counsel, was held on April 14, 2016, before an Administrative Law Judge ("ALJ"). (Tr. 26-61). Following the hearing, the ALJ determined that Mr. Jones was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 11-20). The Appeals Council denied Mr. Jones's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Jones suffered from the severe impairments of "depression, anxiety, and hypertension." (Tr. 13). Despite these impairments, the ALJ determined that Mr. Jones retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently, and can stand, walk, and sit for 6 hours in an 8-hour workday. The claimant can occasionally climb ramps or stairs, occasionally climb ladders, ropes, or scaffolds, occasionally stoop, occasionally kneel, occasionally crouch and occasionally crawl. The claimant can perform simple, routine and repetitive tasks. The claimant can have occasional interaction with the public and coworkers.

(Tr. 15-16). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Jones could perform his past relevant work as an assembly line worker and that, therefore, he was not disabled. (Tr. 19-20).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). I have also considered all of the arguments raised by Mr. Jones's prior attorney in his May 13, 2016 letter to the Appeals

---

[2] Mr. Jones, at the hearing, amended his alleged onset date to August 15, 2014. (Tr. 56).

2

Council. (Tr. 250-51). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Mr. Jones's favor at step one and determined that he has not engaged in substantial gainful activity since his application date. (Tr. 11); *see* 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Mr. Jones claimed prevented him from working. (Tr. 13); *see* 20 C.F.R. § 416.920(a)(4)(ii). Notably, the ALJ found Mr. Jones's "mild obstructive sleep apnea, sleep-related hallucinations, arthritis in the knees, chronic obstructive pulmonary disease (COPD) and HIV" to be non-severe. (Tr. 13). The ALJ noted that those impairments would have no more than minimal impact on Mr. Jones's ability to perform basic work activities. *Id.* However, after finding at least one of Mr. Jones's impairments severe, *id.*, the ALJ continued with the sequential evaluation and considered, in assessing Mr. Jones's RFC, the extent to which his impairments limited his ability to work.

At step three, the ALJ determined that Mr. Jones's severe mental health impairments did not meet, or medically equal, the criteria of any listings. (Tr. 14-15). In particular, the ALJ considered the specific requirements of Listings 12.04 (affective disorders), and 12.06 (anxiety related disorders). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04, 12.06. Those Listings require proof of the same set of "paragraph B" criteria, and a claimant would need to show at least two areas of marked difficulty, or repeated episodes of decompensation, to meet a listing. Here, the ALJ concluded that Mr. Jones had only "mild" restriction in activities of daily living and in social functioning, "moderate" difficulties in concentration, persistence, or pace, and no episodes of decompensation of extended duration. (Tr. 14-15). The ALJ supported those

assessments with citations to the evidence of record. *Id.* Accordingly, the ALJ did not err in his conclusion.

In considering Mr. Jones's RFC, the ALJ summarized his subjective complaints from his hearing testimony. (Tr. 16-17). The ALJ also reviewed a Third-Party Function Report from Mr. Jones's sister, and assigned weight to the opinions of various consultative examiners and treating physicians. (Tr. 17-18). The ALJ did not, at any point in the opinion, provide a summary or review of Mr. Jones's medical records. The ALJ, however, placed great weight in Mr. Jones's self-reported activities of daily living, which demonstrated a relatively high degree of independence. (Tr. 14-17). The ALJ acknowledged that two of Mr. Jones's treating physicians, Drs. Gregg and Saeed, found limitations in his attention, concentration, and ability to perform activities within a schedule, although the ALJ assigned only "little weight" or "some weight" to those respective opinions. (Tr. 19).

The flaw in the ALJ's reasoning lies in the dictates of *Mascio v. Colvin,* 780 F.3d 632 (4th Cir. 2015). In that case, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Id.* at 638. That functional area "refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* § 12.00(C)(3). Social Security regulations do not define marked limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The regulations, however, offer little guidance on the meaning of "moderate" limitations in the area of concentration, persistence, or pace.

4

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

Here, the ALJ cited to medical evidence supporting the conclusion that Mr. Jones has moderate limitations in concentration, persistence, or pace. (Tr. 16, 19). However, contrary to *Mascio,* the ALJ did not impose any RFC restriction to address the limitation. (Tr. 16) (limiting Mr. Jones only to "simple, routine and repetitive tasks"). Moreover, in questioning Mr. Jones about his prior work on an assembly line, the ALJ did not ask any questions regarding the job requirements for maintaining a particular pace, and did not explore whether more than occasional interaction with co-workers was required. To the contrary, the ALJ noted that in Mr. Jones's own testimony about his assembly line job, he stated that he was terminated because he "was

5

told he was slowing down," *id.*, which would indicate a potential issue with persistence and pace that might preclude him from sustaining a like position. Finally, when presented with a hypothetical including a restriction that the work environment be "free of fast paced production requirements," the VE did not identify the assembly line position as a potential job. (Tr. 53). Thus, in light of *Mascio* and the apparent discrepancy between the demands of Mr. Jones's past relevant work and his moderate limitation in concentration, persistence or pace, I recommend remand to allow the ALJ to explore whether Mr. Jones is truly capable of production-pace assembly line work. In so recommending, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Jones was not disabled is correct.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

(1) the Court DENY Defendant's Motion for Summary Judgment, [ECF No. 15];

(2) The Court REVERSE IN PART the Commissioner's decision under sentence four; and

(3) The Court order the Clerk to REMAND the case to the Commissioner for further proceedings and to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de*

*novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated:  January 12, 2018                                              /s/
                                                                    Stephanie A. Gallagher
                                                                    United States Magistrate Judge